IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAKOTA KELLER, #S14303, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 26-cv-00057-SMY |
| | ) |
| JUDGE KELLEY, | ) |
| AARON JONES, | ) |
| and SCOTT SCHMIDT, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM & ORDER

**YANDLE, Chief District Judge:**

Petitioner Dakota Keller filed a "Petition of Mandamus" under 735 ILCS § 5/14-101, *et seq.*, to challenge his sentence in an undisclosed criminal case in Illinois state court. (Doc. 1). The petition is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out portions that are frivolous or malicious, fail to state a claim, or name a party that is immune from suit. *Id*.

## The Petition

According to his handwritten "Petition of Mandamus" filed pursuant to 735 ILCS § 5/14-101, *et seq.*, Keller is an inmate in custody of the Illinois Department of Corrections and is currently incarcerated at Pinckneyville Correctional Center. (Doc. 1, pp. 1-2). He is serving a sentence of 4 years at 50% for resisting a peace officer in violation of 720 ILCS § 5/31-1 (a)(7), a Class 4 felony. Pursuant to 730 ILCS §§ 5/5-4.5-45(a), a Class 4 felony is punishable by no less than 1 year and no more than 3 years, unless the Court states on the record that the defendant is "extended term eligible." *Id*. at 2.

Keller claims that Judge Kelley and Assistant State's Attorney Aaron Jones were responsible for upholding the laws and complying with all sentencing guidelines. Public defender Scott Schmidt was responsible for warning and/or admonishing him. Even so, the Court failed to inform Keller on the record that he was extended term eligible, and Respondents advised him to "cop out to a[n] open plea for a Class 2 felony w[ith] a cap of 6 years." *Id*. Then, on the day of sentencing, they told him it would be a "Class 4 with a 4-year sentence." *Id*. The hearing transcript allegedly confirms that he was not given notice of his extended term eligibility. Keller argues his sentence is now unlawfully prolonged. He seeks immediate release from custody based on the alleged errors in sentencing him. *Id*. at 2-3.

## Discussion

Two federal statutes govern writs of mandamus: 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Neither authorizes federal courts to grant mandamus relief against state officials. *See id*.; *see also Leuvano v. State Bar of Tex.,* No. 11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) ("Mandamus relief is not available against state and local officials, including state judicial officials.").

Section 1361 *limits federal mandamus jurisdiction to actions against a federal officer or agency* and vests the court with authority to issue writs of mandamus compelling the federal officer or agency to perform a duty owed to the petitioner (emphasis added). *See* 28 U.S.C. § 1361. Section 1651 does not vest the Court with jurisdiction to issue writs of mandamus against state officials. 28 U.S.C. § 1651. The statute only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). The courts possess no general power to issue writs, and the statute does not enlarge that jurisdiction. *Id*.; *In re Campbell*, 264 F.3d 730 (7th Cir. 2001).

Keller does not refer to either statute in his motion, and he does not establish any elements required to support a writ of mandamus against the state officials. The fact that Keller brings his petition pursuant to the statute referenced on the standard form petition for writ of mandamus, *i.e.*, 735 ILCS § 5/14-101 *et seq.*, also suggests that he intended to file his petition in state court, not federal court. Keller is free to pursue this relief in state court. However, this federal court lacks jurisdiction over the petition.

## Disposition

The Petition of Mandamus (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction. Keller is **ADVISED** that the dismissal does <u>not</u> count as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g). This dismissal also does not preclude Keller from challenging his sentence in another forum, including state court. **The Clerk of Court need not undertake further efforts to collect a filing fee.**

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 2/12/2026**

                                                 *s/ Staci M. Yandle*
                                                 **STACI M. YANDLE**
                                                 **Chief U.S. District Judge**